UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NANCY SHARLAND, individually and as successor-in-interest to John Shaw; AJAMU SHAW,<br><br>　　　　　　　Plaintiffs,<br><br>v.<br><br>MITSUI O.S.K. BULK SHIPPING, INC.; et al.,<br><br>　　　　　　　Defendants. | Civil No. 12-cv-371-L (DHB)<br><br>**ORDER GRANTING PMA'S MOTION TO DISMISS FIRST AMENDED COMPLAINT [DOC. 31]** |

On February 10, 2012, Plaintiffs Nancy Sharland and Ajamu Shaw commenced this action seeking damages and other appropriate relief for the wrongful death of John Shaw. Plaintiffs are Mr. Shaw's surviving spouse and child. On September 12, 2012, Plaintiffs filed their First Amended Complaint ("FAC") against Defendant Pacific Maritime Association ("PMA"). (Doc. 11.) Defendant moves to dismiss the FAC under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) on the grounds that this Court lacks subject matter jurisdiction over the claims and that Plaintiffs fail to state a claim upon which relief may be granted. Plaintiffs oppose.

The Court found this motion suitable for determination on the papers submitted and without oral argument. *See* Civ. L.R. 7.1(d.1). (Doc. 48.) For the following reasons, the Court **GRANTS** Defendants' motion to dismiss for lack of subject matter jurisdiction.

## I. BACKGROUND

On February 10, 2010, Mr. Shaw was employed as a longshoreman in San Diego. (FAC ¶ 16.) On that day, Defendant dispatched Mr. Shaw to work for Pasha Stevedoring & Terminals, Inc. on a container ship moored in the Port of San Diego. (*Id*.) While performing his duties, Mr. Shaw suffered a heart attack. (*Id*. ¶ 17.) Plaintiffs allege that Mr. Shaw's death resulted from Defendant's as well as others' failure to provide the training and equipment necessary to treat a heart attack, and from Mr. Shaw not receiving timely or reasonable medical care or having access to safety equipment which could have promptly improved his condition. (*Id.* ¶ 18.)

PMA is the "employers' collective bargaining representative in training, supervising, directing, and paying longshore workers" who are dispatched to various member employers' facilities to perform longshore work." (FAC ¶¶ 10–11.) Plaintiffs allege that PMA in conjunction with the employer is required to provide "training and equipment necessary to treat emergencies." (*Id*. ¶ 12.)

Plaintiffs assert two causes of action for: (1) wrongful death under the Longshore and Harbor Workers' Compensation Act ("LHWCA"), 33 U.S.C. §§ 901, *et seq.*; and (2) violation of California Code of Civil Procedure § 377.61. Defendant seeks to dismiss each of these claims without leave to amend. Plaintiffs oppose.

## II. LEGAL STANDARD

The Court addresses the issue of subject matter jurisdiction first as "[t]he requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the judicial power of the United States and is 'inflexible and without exception.'" *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95(1998) (quoting *Mansfield, C & L.M. Ry. Co. v. Swan*, 111 U.S. 379, 382 (1884)).

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "They possess only that power authorized by Constitution or statute, which is not to be expanded by judicial decree." *Id.* (internal citations omitted). "It is to be presumed that a cause lies outside this limited jurisdiction and the burden of establishing the

contrary rests upon the party asserting jurisdiction." *Id.* (internal citations omitted); *see also Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006).

Under Rule 12(b)(1), the Court can dismiss a complaint for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). When challenging subject matter jurisdiction, a defendant can do so either facially or factually. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). With a facial attack, "the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction," and the court assumes that all material allegations in the complaint are true. *Id.*; *Whisnant v. United States*, 400 F.3d 1177, 1179 (9th Cir. 2005).

**III.   DISCUSSION**

Plaintiffs contend that jurisdiction is conferred by 28 U.S.C. § 1331 based upon this action arising under the LHWCA. (FAC ¶1.) This Court disagrees.

The LHWCA "is a 'comprehensive scheme' to provide compensation for the disability or death of employees resulting from injuries occurring upon the navigable waters of the United States." *Price v. Stevedoring Serv.'s of Am., Inc.*, 697 F.3d 820, 823 (9th Cir. 2012) (quoting *Roberts v. Sea-Land Servs., Inc.*, — U.S. —, 132 S.Ct. 1350, 1354 (2012)). Specifically, the LHWCA provides non-seaman maritime workers with "no-fault workers' compensation claims" against their employer, and negligence claims against a vessel for injury and death. *Norfolk Shipbuilding & Drydock Corp. v. Garris*, 532 U.S. 811, 818 (2001) (citing 33 U.S.C. §§ 904(b), 905(b)). Further, the Department of Labor is responsible for administering this compensation scheme. *Price*, 697 F.3d at 823 (citing *Chesapeake & Ohio Ry. Co. v. Schwalb*, 493 U.S. 40, 45 (1989)). In order to seek a workers' compensation claim under the LHWCA, an injured party must first "file a claim with a district director." *Id.* (citing 33 U.SC. § 919(a); 20 C.F.R. §§ 701.301(a)(7), 702.105, 702.136).

//
//
//

Once a claim has been filed, district directors "are authorized by the Director to resolve disputes with respect to claims and generally do so through informal discussions." *Price*, 697 F.3d at 824 (citing 20 C.F.R. §§ 702.311, 801.2). If the parties are unable to reach a resolution, the case will be transferred to an Administrative Law Judge for formal adjudication. *Id*. (citing § 702.316). After adjudication, the Administrative Law Judge will issue a compensation order either rejecting the claim or making an award, and the parties may then appeal this order to the Benefits Review Board. *Id*. (citing 33 U.S.C. §§ 919(e), 921(b)(3)). Lastly, any person aggrieved by a final order of the Benefits Review Board "may obtain a review of that order in the United States court of appeals for the circuit in which the injury occurred." 33 U.S.C. § 921(c).

Under this scheme, "the LHWCA expressly pre-empts all other claims" for employers and vessel owners. *Norfolk*, 532 U.S. at 818 (citing 33 U.S.C. §§ 905(a), (b)). Consequently, employers are immune from liability outside of the statute except for when an employer "fails to secure compensation" as determined and required by the LHWCA. *Wash. Metro. Area Transit Auth. v. Johnson*, 467 U.S. 925, 937 (1984). If this exception applies, then an employee is allowed to either "elect to claim compensation under this Act, or to maintain an action at law or in admiralty for damages[.]" *Id*. at 932 (quoting 33 U.S.C. § 905(a)) (internal quotation marks omitted). Additionally, several courts have recognized another limited exception for when an employer "deliberately intended to injure" an employee. *Sample v. Johnson*, 771 F.2d 1335, 1346 (9th Cir. 1985) (citing *Austin v. Johns-Manville Sales Corp.*, 508 F. Supp. 313, 317 (D. Me. 1981)). However, despite preempting claims against employers and vessel owners, the LHWCA expressly "preserves all claims against third parties." *Norfolk*, 532 U.S. at 818-19. Accordingly, the LHWCA does not preclude a negligence action for wrongful death against a third party brought under federal maritime jurisdiction. *Id*. at 819.

//
//
//
//

Here, this Court finds that it does not have jurisdiction under the LHWCA to consider Plaintiffs' claim against Defendant. At the onset, Plaintiffs do not allege that PMA had an employer-employee relationship with Mr. Shaw at the time he suffered a heart attack. Rather, Plaintiffs state that Mr. Shaw was dispatched by PMA to work for the employer Pasha Stevedoring & Terminals, Inc, on the day of the incident. (FAC ¶ 16.) Also, Plaintiffs would have had to file a claim with the district director and advance through the administrative process to invoke federal jurisdiction over a workers' compensation claim. *See Price*, 697 F.3d at 823. Moreover, Plaintiffs do not assert a negligence claim against Defendant as a vessel owner, the LHWCA's other possibility for recovery. Instead, Plaintiffs allege that Mitsui O.S.K. Bulk Shipping, Inc. owned the vessel that Mr. Shaw was working on at the time of his heart attack. (FAC ¶ 6.) Plaintiffs do not allege that either limited exception to the LHWCA's preemption of claims applies to this case in order to implicate this Court's jurisdiction.

Lastly, Plaintiffs cannot use the LHWCA to bring an action against Defendant as a third party. Plaintiffs are correct in asserting that the LHWCA does not require injured employees to elect between their compensatory remedy provided by the statute and a separate remedy against a liable third party. (Pls.' Opp'n at 2.) However, they cannot use the jurisdiction provided by the LHWCA to bring such a claim because that statute only provides for the aforementioned limited causes of action. Instead, Plaintiffs would have needed to separately invoke federal admiralty jurisdiction in order to pursue a negligence claim against Defendant as a third party. *See Norfolk*, 532 U.S. at 819 (holding that the LHWCA and similar federal maritime statutes do not preclude a negligence action against a third party under general maritime law). Therefore, this Court lacks jurisdiction and as a result does not reach Plaintiffs' second claim under California Code of Civil Procedure § 377.61. *See Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 94 (1998) ("Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.").

//

//

### III.  CONCLUSION

In light of the foregoing, the Court **GRANTS** Defendant's motion to dismiss. Specifically, the Court **DISMISSES WITH PREJUDICE** Plaintiffs' wrongful death claim under the LHWCA, and **DISMISSES WITHOUT PREJUDICE** Plaintiffs' § 377.61 claim.

**IT IS SO ORDERED.**

DATED: January 25, 2013

                                                                                    _____
                                                                                    M. James Lorenz
                                                                                    United States District Court Judge

COPY TO:

HON. DAVID H. BARTICK
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL