UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NANCY SHARLAND, *et al.*, | ) Case No. 12-cv-371-L(DHB) |
| Plaintiffs, | ) |
| | ) **ORDER DISMISSING ACTION** |
| | ) **WITHOUT PREJUDICE** |
| v. | ) |
| SINGHA ACE, *et al.*, | ) |
| | ) |
| Defendants. | ) |

On February 10, 2012, Plaintiffs Nancy Sharland and Ajamu Shaw commenced this action in the Southern District of California. (Doc. 1.) Thereafter, Plaintiffs filed a First Amended Complaint ("FAC") asserting a wrongful-death claim under 33 U.S.C. §§ 901, *et seq.*, and a claim for violations of California Civil Procedure Code § 377.61 against Defendants Mitsui O.S.K. Bulk Shipping, Inc., Pasha Stevedoring & Terminals, Inc., and Pacific Maritime Association ("PMA"). In pursuing their claims, Plaintiffs invoked federal-question jurisdiction. (FAC ¶ 2.)

On November 7, 2012, PMA moved to dismiss for lack of jurisdiction. (Doc. 31.) The Court granted PMA's motion, and dismissed with prejudice the wrongful-death claim under 33

U.S.C. §§ 901, *et seq.*, and dismissed without prejudice the California Civil Procedure Code § 377.61 claim.

Plaintiffs now move to remand this matter to state court. (Doc. 55.) They explain in their motion that they are moving for an order remanding this action to state court "in order to allow Plaintiffs to pursue their supplemental state law claims after a previous Order of his court appears to have eliminated any federal claims and a basis for Plaintiffs to maintain subject matter jurisdiction."[1] (Pls.' Mot. 2:2–5.) Under 28 U.S.C. § 1447, the district court may remand a case to state court *after removal* "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). This action was not removed from state court, thus the Court lacks the authority to remand it. *See id.* Plaintiffs do not provide any authority that permits the district court to remand a case to state court that originated in federal court. Thus, the Court construes Plaintiffs' motion as a voluntary dismissal under Federal Rule of Civil Procedure 41(a)(2).

In light of the foregoing, the Court **DISMISSES WITHOUT PREJUDICE** this action in its entirety under Rule 41(a)(2) so that Plaintiffs may pursue their state-law claims in state court. The Clerk of the Court shall close this case.

**IT IS SO ORDERED**.

DATED: April 4, 2013

_____
M. James Lorenz
United States District Court Judge

COPY TO:

HON. DAVID H. BARTICK
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL

---

[1] Plaintiffs' interpretation of the Court's previous order appears to be correct that the Court lacks subject-matter jurisdiction over this case. Lack of subject-matter jurisdiction may also serve as a basis for dismissing this action. *See Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 593 (2004) (quoting *United States v. S. Cal. Edison Co.*, 300 F. Supp. 2d 964, 972 (E.D. Cal. 2004)).